UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDDY MELENDEZ, individually and on behalf of all
others similarly situated,

                            Plaintiff,

                   -against-

LL FLOOR DESIGNS, INC. and LESTER
LOCKWOOD,

                            Defendants.

------------------------------------------------------------------X

Case No. 22-cv- 07169

**STIPULATION AND ORDER FOR PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

      This matter having come before this Court by stipulation of plaintiffs, Eddy Melendez ("Plaintiff") and defendants LL Floor Designs, Inc. and Lester Lockwood (collectively referred to herein as "Defendants") for the entry of an order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by Plaintiff, Defendants, and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

      IT IS hereby ORDERED that:

      1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" or "Testimony") pursuant to the terms set forth in this Stipulation.

2. Any Party or, as appropriate, non-party, may designate Documents produced, or Testimony given, in connection with this action as "confidential," either by notation on each page of the Document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

3. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and information contained therein, and other information designated as confidential, if such Documents or Testimony:

i. contain trade secrets, proprietary business information, competitively sensitive information, financial information, including but not limited to tax returns and/or financial statements and records, or other information the disclosure of which would, in good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients;

ii. contain sensitive personal Information including individually identifiable medical information, social security numbers, etc. pertaining to any individual; and/or

iii. contain information the disclosure of which creates a reasonable probability of exposing a party or non-party to some form of harassment, threat, ridicule or reprisal; and that such Information is one that a party would not normally reveal to others, has taken reasonable precautions to preserve as confidential or reasonably cause others to maintain in confidence, was created or received in confidence and has not been disclosed to others without confidentiality precautions.

(b) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the Parties to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such documents or material with ten (10) days of the written request, the Receiving Party may submit such documents or material under seal and/or for *in camera* review and move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information.

5. If at any time before this action concludes, a party realizes that it should have designated Information that it previously produced without limitation, as Confidential, said party may so designate such material as Confidential by so apprising all prior recipients in writing. Thereafter, the Court and all persons subject to this Stipulation will treat such designated portion(s) of the Information as Confidential. Provided, however, that no Party shall designate

as "confidential" any document that was filed with this Court in this proceeding prior to the date of this Order.

6. Until and unless the Court determines otherwise, Information that is designated "Confidential Information" shall not be shown to, discussed with, or otherwise disclosed or made available to any person by either party or their counsel other than to the following, who are hereinafter referred to herein as "Qualified Person(s)":

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter (collectively "legal staff");

(c) outside vendors or service providers (such as copy service providers and document-management consultants) that counsel hire and assign to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit "A";

(d) the Court and court personnel;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness, that counsel for a Party, in good faith believes may be called to testify at trial or deposition in this action; provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit "A;"

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit "A";

(h) stenographers engaged to transcribe depositions the Parties conduct in this action;

(i) any appellate court, its support personnel, and court reporters; and/or

(j) any other person agreed to by the Producing Party.

6(a).   **Notwithstanding any other term or provision contained herein, financial information and documents relating to Defendants, including but not limited to tax returns and schedules thereto, financial statements, and records relating to Defendants' debts and/or accounts payable, that Defendants intend to produce to Plaintiffs' counsel in connection with the Court-annexed mediation, shall be for <u>attorneys' eyes only</u>, and the foregoing documents and information shall not be shared with anyone other than the attorneys for the Parties, their legal staff, and the Court-appointed mediator, Christopher A. D'Angelo, Esq.  Unless otherwise agreed by the Parties in writing, the foregoing financial records and information shall be used solely for the Court-referred mediation and for no other purpose.**

7.   "Confidential Information" may be used by Plaintiffs and Defendants and their counsel solely for the prosecution and/or defense of this action and the confirmation of any award herein and for no other purpose. "Confidential Information" shall not be disseminated by any means to the press, media, or any other person or entity not designated as a "Qualified Person." Nothing in this Stipulation, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

8.   Each person who has access to Information designated as Confidential Information pursuant to this Stipulation must take all due precautions to prevent the unauthorized or inadvertent disclosure of such Information.

9.   **Execution of Non-Disclosure Agreement:** Before disclosing any "Confidential Information" to any person referred to in subparagraphs 6(c),6(f), or 6(g) above, said person must be provided a copy of this Stipulation, and must sign a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto stating that he or she has read this Stipulation and agrees to be bound by its terms.  Each signed Non-Disclosure Agreement must be held in escrow and

produced to opposing counsel, either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever occurs first.  Nothing contained herein shall limit the duty or obligation of a party to produce documents in a timely manner pursuant to the Federal Rules of Civil Procedure or pursuant to any agreed extension by the opposing party's counsel of record.  Should any party to this Agreement experience difficulty complying with this paragraph concerning any individual described in subparagraph 6(f) and/or 6(g), such party will immediately communicate this difficulty to the other party in an effort to collectively decide the manner in which the parties should proceed regarding same.

10. **Unauthorized Disclosure of Confidential Information:** If "Confidential Information" is disclosed to any person other than in the manner authorized by this Stipulation, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such Information.

11. **Third-Party Requests for Confidential Information:** In the event Plaintiffs, Defendants or any "Qualified Person" is required by subpoena or Court order outside of this action to produce or disclose any specified "Confidential Information," that person or counsel for that person shall, if permitted by law, give at least fifteen (15) days written notice, or as much notice as possible, to counsel for the Plaintiffs or Defendants, as the case may be.  The notice given to Plaintiffs or Defendants will include the identity (name, address, and occupation) of each person who has requested such disclosure and the purported reason for the necessity of the disclosure.  Should either party object to the disclosure, they may take action to prevent the disclosure; but nothing herein shall obligate the party receiving the subpoena or Court order to

refuse to abide by its directions.  This paragraph is not intended to require any Plaintiffs, or Defendants or any "Qualified Person" subject to this Agreement, to violate the terms of any subpoena or Court Order, should such subpoena or Court Order require the Plaintiffs, Defendants or any "Qualified Person" respond to same within fifteen (15) days of service.  However, as noted herein, should such subpoena require a response from the Plaintiffs, Defendants or any "Qualified Person" within fifteen (15) days of service, the Plaintiffs, Defendants or any "Qualified Person" agrees to provide as much notice to the other party to this Agreement, as is practicable, regarding such subpoena and their purported obligations thereunder.

12. **Reservation of Rights:**  Nothing contained in this Stipulation will be construed as:

    (a)    a waiver by a party or person of its right to object to any discovery request on grounds other than confidentiality;

    (b)    a waiver of any privilege or protection;

    (c)    a waiver by a party of its right to object to the admissibility of any documents and/or information produced subject to this Stipulation; and

    (d)    a ruling regarding admissibility at trial of any document, testimony or other evidence. In the event that "Confidential Information" is admitted into evidence at the Action, the "Confidential Information" designations shall not be removed unless so ordered by the Court.

13. Within sixty (60) days after the final termination by settlement or otherwise, all Confidential Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed.  In the event that

any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of the pleadings, motion papers, discovery responses (including documents produced), deposition transcripts and other deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

14. This Stipulation shall only be deemed to be an enforceable agreement by and between the parties if it is "So Ordered" or endorsed by the Court. This Stipulation shall survive the termination of this action and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed. The parties shall jointly request that the Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations and/or resolve any disputes arising hereunder.

15. <u>Further Protective Orders:</u> This Stipulation shall not prevent any party from applying to the Court for relief herefrom, or from applying to the Court for further or additional relief. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

16. Should there be any ambiguity with respect to the interpretation of this Stipulation, no inference will be drawn against the drafter of the Stipulation in connection with said dispute. This Stipulation will be interpreted without regard to the identity of the drafter of the Stipulation.

17. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. Facsimile transmission or electronic copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same.

Dated: December 8, 2022

| | |
|---|---|
| **KATZ MELINGER PLLC** | **RAPAPORT LAW FIRM, PLLC,** |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 370 Lexington Ave., Suite 1512 | 80 Eighth Ave., Suite 206 |
| New York, NY 10017 | New York, NY 10011 |
| Tel.: (212) 460-0047 | mrapaport@rapaportlaw.com |
| By: ____/s/ Eliseo Cabrera_____ | By: __*Marc Rapaport*__ |
| Eliseo Cabrera, Esq. | Marc A. Rapaport, Esq. |

If either party seeks to file a document under seal or in redacted form, they shall comply with Rule 5.A of this Court's Individual Rules & Practices in Civil Cases.

SO ORDERED:

_____

Hon. Ronnie Abrams
12/8/2022